IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES W. TRIMBLE, II,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civil Action 2:10-cv-876
Judge James L. Graham
Magistrate Judge E. A. Preston Deavers

## ORDER

Plaintiff, James W. Trimble, II, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for social security disability insurance benefits. This matter is before the Court for consideration of the February 22, 2012 Report and Recommendation of the United States Magistrate Judge (ECF No. 14) and the Commissioner's Objections to the Report and Recommendation (ECF No. 15). For the reasons that follow, the Court **OVERRULES** the Commissioner's Objections, **ADOPTS** the Report and Recommendation, **REVERSES** the Commissioner of Social Security's non-disability finding, and **REMANDS** this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

### I.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed.

R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'"  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal; citation omitted).  Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow [his] own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## II.

The Court has conducted a *de novo* review and agrees with the reasoning and analysis of the Magistrate Judge.  The Magistrate Judge concluded that the administrative law judge ("ALJ") committed reversible error with regard to the June 2009 opinions of Plaintiff's treating

psychologist, Dr. Mancuso.  The Magistrate Judge analyzed this issue as follows:

> Dr. Mancuso, Plaintiff's psychologist, is a treating source.  It is clear that the ALJ considered some of the opinions that Dr. Mancuso rendered.  With regard to Dr. Mancuso's other opinions, however, the ALJ's decision is unclear whether he considered and rejected them or whether he merely overlooked them.  Specifically, the ALJ considered and addressed Dr. Mancuso's November 2007 opinion that Plaintiff was "permanently and totally disabled from any and all gainful employment due to his lack of education, age, and allowed industrial conditions," and also her opinion that Plaintiff had a low tolerance for stress.  (R. at 580, 16.)  He rejected the foregoing opinions, in part, because Dr. Mancuso "*did not provide any specific mental limitations* and as noted above, a finding of disability is a determination reserved for the Commissioner."  (R. at 16 (emphasis added).)
>
> The ALJ's assertion that Dr. Mancuso did not provide any specific mental limitations suggests that he did not review or consider the opinions she rendered in June 2009 via the Mental Impairment Questionnaire she completed.  Within the Questionnaire, Dr. Mancuso opined that Plaintiff had moderate-to-marked limitations in his activities of daily living and his social functioning, as well as moderate limitations in his ability to maintain concentration, persistence or pace.  She also indicated that Plaintiff had difficulty thinking or concentrating and that he suffered memory impairment.  (R. at 456.)  Significantly, she opined that on average, Plaintiff's mental impairments or treatment for his mental impairments would cause Plaintiff to miss more than four days of work.  (R. at 458.)  Thus, contrary to the ALJ's assertion, Dr. Mancuso did offer her opinions on Plaintiff's mental limitations.  The ALJ's failure to even mention Dr. Mancuso's June 2009 Questionnaire or the opinions she offered therein further supports the conclusion that he neglected to consider Dr. Mancuso's June 2009 opinions.  *See Bowen,* 478 F.3d at 749 ("[T]here is not even a passing reference to [the treating physician's] opinion in the ALJ's decision that allows us to infer that the ALJ intended to indirectly attack it.").  For example, in concluding that Plaintiff "had experienced no episodes of decomposition . . . of extended duration," the ALJ makes no mention of Dr. Mancuso's inconsistent representation on the June 2009 Questionnaire that Plaintiff had experienced "[o]ne or [t]wo" such episodes.  (R. at 13, 457.)
>
> The undersigned concludes that the ALJ committed reversible error.  As set forth above, an ALJ is obligated to consider all medical opinions that he or she receives in evaluating a claimant's case.  20 C.F.R. § 416.927(d).  To the extent the ALJ considered but rejected Dr. Mancuso's opinions, the ALJ was obligated to justify why he rejected those opinions and reached inconsistent conclusions because of Dr. Mancuso's status as Plaintiff's treating source.  *See Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009) (quoting *Wilson*, 378 F.3d at 545 (internal quotations omitted)) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will

3

> continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion."). The limitations Dr. Mancuso set forth clearly have an effect on the merits of the case. For example, she opined that Plaintiff's mental impairments would cause him, on average, to miss more than four days of work per month, a limitation the VE testified would be "problematic." (R. at 41-42.) The ALJ's RFC reflects limitations generally less restrictive than the limitations Dr. Mancuso assigned to Plaintiff. Thus, even though the ALJ may ultimately reject Dr. Mancuso's June 2009 opinions and provide good reasons for doing so, remand is appropriate so that the ALJ can address the inconsistencies.

(Report and Rec. 16–18, ECF No. 14.)

The Commissioner does not dispute that the ALJ did not evaluate Dr. Mancuso's June 2009 opinions. Instead, the Commissioner posits that the harmless error exceptions articulated in *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004), apply.

The *Wilson* Court considered three possible scenarios that could lead the Court to a finding of harmless error. 378 F.3d at 547. First, the Court indicated that harmless error might occur "if a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it . . . ." *Id.* Second, the Court noted that if the ALJ's decision was "consistent with the opinion, it may be irrelevant that the ALJ did not give weight to the treating physician's opinion, and the failure to give reasons for not giving such weight is correspondingly irrelevant." *Id.* Finally, *Wilson* considered the possibility of a scenario "where the Commissioner has met the goal of § 1527(d)(2)–the provision of the procedural safeguard of reasons–even though she has not complied with the terms of the regulation." *Id.* Since *Wilson*, the Sixth Circuit has continued to conduct a harmless error analysis in cases in which the claimant asserts that the ALJ failed to comply with the good-reason requirement. *See, e.g.*, *Nelson v. Comm'r of Soc. Sec.*, 195 F. A'ppx 462, 472 (6th Cir. 2006) (finding that even though the ALJ failed to meet the letter of the good-reason requirement he met the goal by indirectly attacking the consistency of the

4

medical opinions); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 749 (6th Cir. 2007) (finding that the facts did not satisfy potential harmless error justifications).

The Court agrees with the Magistrate Judge that the harmless error doctrine is not applicable here. The *Wilson* Court explained that harmless error might apply under the patently deficient rationale if "the Commissioner *could not possibly* credit [the opinion] . . . ." *Wilson*, 378 F.3d at 547 (emphasis added). The Commissioner cannot meet this high threshold here. Dr. Mancuso treated Plaintiff regularly for several years. The Court cannot conclude that the Commissioner "could not possibly credit" Dr. Mancuso's opinion that Plaintiff's mental impairments or treatment for his mental impairments would cause Plaintiff to miss more than four days of work per month or that he had moderate-to-marked limitations in his activities of daily living and in maintaining social functioning.

The Commissioner's argument that the second harmless error exception applies is likewise without merit. The Commissioner submits that this exception applies because the ALJ's RFC accommodated moderate limitations in concentration, persistence, and pace, which is consistent with one of the elements of Dr. Mancuso's June 2009 opinion. It is beyond dispute, however, that the ALJ's RFC reflects limitations generally less restrictive than the limitations Dr. Mancuso assigned in her June 2009 opinion. Most notably, absent from the RFC is Dr. Mancuso's assigned limitation that Plaintiff would need to miss more than four days per month as a result of his mental impairments or treatment for those impairments.

Finally, it is not clear that the ALJ satisfied the goal of the procedural requirement in this case. In his Objections, the Commissioner offers a litany of reasons why the ALJ might have discounted or rejected Dr. Mancuso's June 2009 opinions. For example, the Commissioner

posits that "Dr. Mancuso reported in February 2009 that Plaintiff's condition had deteriorated. Thus, it is reasonable to conclude that her remaining opinions . . . addressed Plaintiff's worsened condition, and not his condition as it existed during the relevant time frame."  (Objections 3, ECF No. 15.)  Certainly, this is one explanation.  Yet, another explanation exists, namely that the ALJ simply overlooked Dr. Mancuso's June 2009 opinions.  The matter is unclear because the ALJ failed to even mention the June 2009 opinion, let alone provide any insight into his reasoning.  *See Bowen*, 478 F.3d at 749 ("[T]here is not even a passing reference to [the treating physician's] opinion in the ALJ's decision that allows us to infer that the ALJ intended to indirectly attack it.").

In sum, the Court concludes that the Commissioner has failed to establish that this is one of the rare cases where failure to satisfy the good-reason requirement is harmless error.

### III.

For the foregoing reasons, the Court **OVERRULES** the Commissioner's Objections (ECF No. 15), **ADOPTS** the Report and Recommendation (ECF No. 14), **REVERSES** the Commissioner of Social Security's non-disability finding, and **REMANDS** this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

**IT IS SO ORDERED.**

S/ James L. Graham
James L. Graham
UNITED STATES DISTRICT COURT

Date:  March 29, 2012